UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

HENRY LEE SMITH, et al.,

        Plaintiffs,

v.

DIANE WASHINGTON et al.,

        Defendants.

_____/

Case No. 1:17-CV-285

Honorable Paul L. Maloney

## **OPINION**

This is a civil rights action originally brought by eight state prisoners under 42 U.S.C. § 1983. Three Plaintiffs (Cromer, Perry, and Jackson) since have been dismissed from the case for failure to comply with the Court's orders regarding payment of their shares of the civil action filing fee. Plaintiffs Smith, Turner, Flakes, Sardin, and Madlock have now filed an amended complaint (ECF Nos. 20, 22). Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiffs' amended complaint for failure to state a claim against Defendant Bertram. The Court will serve the complaint against Defendants Washington and Farber.

**Discussion**

I. **Factual allegations**

Plaintiffs are presently incarcerated with the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility, (LRF) in Muskegon Heights, Muskegon County, Michigan. Plaintiffs sue MDOC Director Heidi Washington,[1] and LRF Correctional Officers (unknown) Bertram and (unknown) Farber.

Plaintiffs allege that Defendant Washington is responsible for maintaining and enforcing a policy concerning the religious headwear worn by members of the Nations of Gods and Earths (NGE) that both intentionally discriminates against members of NGE relative to other religions and violates their rights under the First and Fourth Amendments and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 42 U.S.C. § 2000cc-1(a). They argue that their Universal Crowns are nearly identical to and no more dangerous than yarmulkes, yet NGE members are only allowed to wear their Universal Crowns while in their cells, while Jewish prisoners are permitted to wear their yarmulkes at all times. In addition, Plaintiffs complain that they are not allowed to possess the NGE newspaper, *The Five-Percent*, or to attend group religious services. Plaintiffs contend that the regulations to which they are subject are discriminatory and place a substantial burden on the exercise of their religious rights.

Plaintiffs specifically allege that, on March 24, 2017, Defendant Farber confiscated Plaintiff Flakes' universal crown while Plaintiffs were on yard duty, though Farber later returned the crown.

Plaintiffs seek injunctive relief.

---

[1] Plaintiffs name Defendant "Diane" Washington as the Director of the MDOC. However, since May 2015, the Director of the MDOC is Heidi Washington. *See* MDOC website, http://www.michigan.gov/corrections/0,4551,7-19-62761 62788-259865--,00.html. The Court will hereafter refer to Defendant Heidi Washington by her proper name.

2

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating

federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Plaintiffs fail to even mention Defendant Bertram in the body of their amended complaint. Their allegations therefore fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and

plain statement of the claim showing that the pleader is entitled to relief"). As a consequence, the Court will dismiss Plaintiffs' claims against Defendant Bertram.

Upon review, the Court concludes that Plaintiffs have alleged sufficient facts to warrant service of the complaint on the remaining Defendants Heidi Washington and (unknown) Farber.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant (Unknown) Bertram will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Washington and Farber.

An Order consistent with this Opinion will be entered.


Dated: November 3, 2017                    /s/ Paul L. Maloney
                                           Paul L. Maloney
                                           United States District Judge