UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HENRY LEE SMITH, #482999, et al., )<br>Plaintiffs, )<br>)<br>-v- )<br>)<br>HEIDI WASHINGTON, et al., )<br>Defendants. )<br>) | No. 1:17-cv-285<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Henry Smith and several other prisoners filed this civil rights lawsuit alleging claims under the Religious Land Use and Institutionalized Persons Act. Against the remaining plaintiffs, Defendants filed a motion for summary judgment asserting the failure to exhaust administrative remedies. (ECF No. 28.) The magistrate judge issued a report recommending that the motion be granted. (ECF No. 40.) Only Plaintiff Smith filed objections. (ECF No. 41.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Objection 1 – Smith's moniker

Smith objects to an obvious misspelling. In multiple documents (*e.g.,* ECF No. 36 and 41), Plaintiff Smith refers to himself as "Smith AKA Badi Eye Allah." On page 4, in footnote 2 of the Report and Recommendation, the moniker is spelled "Bad Eye Allah." Correcting this misspelling has no implication on the magistrate judge's recommendations or the outcome of the underlying motion for summary judgment.

Objection 2 – Exhaustion

Pointing to the evidence submitted by Defendants, the magistrate judge concluded that the plaintiffs did not exhaust their administrative remedies—they did not use the grievance process—before filing the complaint. Smith objects. Smith argues that the claim is not grievable because the grievance procedures do not allow prisoners to jointly file a grievance or to coordinate grievances of the same issue as a protest.

This objection is overruled. The policy directive does not prohibit individual prisoners from filing separate individualized grievances. Smith could have filed an individualize grievance. He did not.

Objection 3 – Representation of Prisoners

The magistrate judge concluded that *pro se* prisoners cannot represent other *pro se* prisoners. The other plaintiffs neglected to file responses to the motion and Smith cannot represent the other plaintiffs. Smith objects. Smith asserts that he has been identified in a court order as the "lead plaintiff." Smith interprets this phrase as a decision to allow a class of prisoners to be certified.

This objection is overruled. Smith correctly states that class certification has already been denied. (ECF No. 3.) Referring to Smith as the lead plaintiff in a subsequent order (ECF No. 24) does not alter the ruling denying class certification.

Accordingly, the Report and Recommendation (ECF No. 40) is **ADOPTED** as the Opinion of this Court. Defendants have established that Plaintiffs did not properly exhaust their grievances. Therefore, Defendants' motion for summary judgment (ECF No. 28) is **GRANTED.**

**IT IS SO ORDERED.**

Date: January 8, 2019 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge